knowingly, voluntarily, intelligently as required by the Due Process Clause of the Constitution. Since Rule 11 was written by the Supreme Court, the concept of what constitutes an offense or a charge has been greatly broadened to include any factor that increases the maximum or raises the ceiling on the maximum possible sentence for that offense. Here, in the context of a reentry after deportation prosecution, that factor is an aggravated felony. Being a felony is not sufficient to be aggravated. It depends on the nature of the offense. Our complaint in this appeal is that the magistrate judge who conducted the change of plea proceedings did not make any effort whatsoever to explain the nature of the offense, the significance of the aggravated factor. In fact, he misled... You say the nature of the offense. You mean the offense to which the plea was being taken? The nature of the aggravated felony prior to the deportation. The offense of reentry is very simple. So you're not speaking of... Not this offense...  The pre-deportation... The offense for which he was in charge, right? You're speaking of the prior felony which goes to the punishment, right? Yes, it raises the possible penalty from a maximum of two years to a maximum of 20 years. That's a quantum leap. That's a major jump in raising the ceiling. And our point is that under Rule 11, Rule 11 requires that the change of plea judge explain the nature of the offense. And the offense is defined in terms of whatever factor raises the punishment. And the fact that a pre-deportation offense is a matter which does not have to go to the jury has nothing to do with it. It's still... What case are you depending on for that proposition? Well, Your Honor, I have two cases, Minori and Villalobos, which I have submitted to you. That says in taking a guilty plea, the, you know, an aggravation that raises the punishment is a... Minori does, yes. Element of the plea that has to be included in the plea proceeding? Well, in Minori, it was a drug case, but the maximum depends on the quantity of the drugs. And the change of plea judge did not advise of the nature of that increase based upon the quantity, on the nature of the drugs. Well, but in Minori, counsel, part of that was the fact that the quantity has to be determined by the jury. And I think that he wasn't told. Right. Yeah. But that is a factor that raises the maximum. I understand that, but the principle was that it was something that had to be determined by the jury and he should have been told that. Right. And in this case, what was the defendant told by the magistrate judge? Well, first... Let me finish my question. As to the maximum sentence to which he was exposed. Well, first of all, the judge read the charge and then said enhanced by Section B-2. The magistrate judge said the government citation of an enhancement suggests the government intends to show for sentencing purposes you were convicted of an aggravated felony prior to your removal. The penalty is 30 years. Are you reading from the transcript? Yes, from the transcript. Page 7, excerpt 7. Page what? Page 7 of the transcript. All right. Go ahead. Which is excerpt 7, too. Go ahead. Both 7s. And then he says, do you agree with those facts? Are they correct? And the defendant says yes. Well, what has he admitted? He's just admitted that he's guilty of a B-2 offense, namely that the penalty should be 20 years instead of two years. And the judge never explains to him the nature of the aggravated felony, what he's doing, and that he has a right to contest the aggravated nature of the felony when he gets to the district judge. In fact, the magistrate judge then goes on to say that because you're pleading guilty, by pleading guilty and not having a trial, you're giving up your right to the assistance of counsel at every stage of the trial. Well, that indicates to a reasonable person that the question of whether the felony is aggravated or not has been determined, and he doesn't even have the right to contest it through his attorney. We submit that under Rule 11 and the expanded notion of what a charge is, the magistrate judge had to explain the nature of the aggravated felony and its significance, and that just didn't happen here. And that's why we believe that this case must be reversed. I also wish to point out to you that there is prejudice to. What you're sort of saying is, at least in the 1326 cases before a plea is taken, you almost have to have a complete pre-sentence report done, because otherwise you don't know what the defendant's record is, so you can't, you know. In fact, isn't that what the magistrate judge says? I really don't know what, you know, what your rap sheets show, so I can't advise you. He says he asked the government, what are you going to produce? And the government says, well, additionally, the government would further produce evidence that for sentencing purposes the defendant was convicted of theft. Now, theft can mean an awful lot of things under Arizona law. If you go to Title 13 under theft, you'll find about 14 or 15 different types of thefts. And if you reference the government's case, which is cited in the government's brief of Huerta Guevara v. Ashcroft, they very specifically discuss this particular offense. Possession of a stolen motor vehicle did not qualify as a theft offense under either the categorical or modified categorical approach. And that's all you need. Isn't that your best argument here, counsel? Excuse me? Isn't that your best argument here, counsel, that he was not convicted of anything that would qualify as an aggravated theft? Well, I think it's a very good argument. I don't know if it's the best. It's a very good one. It's right up there. But I think that's what that case, and I don't think, it's what it says. And here all you have, of course, in the pre-sentence report is this little two-line blurb that just says eight levels are added as the defendant was deported after being convicted of theft, period. And if you flip over to paragraph 30, it says no more about it in the description than it did up in the calculation of levels. It just says theft. And that can mean so many things. There's just no way that the judge could, any judge could determine whether that's an aggravated felony. I'll admit Mr. Heriberto was no angel. He was kind of a problem child. But on the other hand, it's not clear that he has an aggravated felony prior to his deportation either. And for that reason, we believe that the case must be reversed. And I'd like to save a few minutes at the end for rebuttal. That's fine, Mr. Baggett. Thank you. Good morning. Joan Rufinock appearing on behalf of the United States. Government submits to the Court that the Rule 11 plea colloquy in this case was a textbook correct colloquy. Well, it wasn't correct in the sense that they told him that he couldn't have a lawyer for any of the proceedings. Of course, he had the right to a lawyer for sentencing. I agree with the Court that that's correct, that he had that right. And I would suggest to the Court that the magistrate judge did not say anything to the contrary. He said that you're waiving your right to an attorney at all stages of the proceedings. No, he said at all stages of the trial. And there's a distinction between trial and sentencing. If the Court goes back and looks at the passages cited in the government's brief and referred to in the excerpts of record, all of the mentions of you don't get counsel is all in relation to at trial. You are giving up your rights. These are the rights you are giving up if you plead guilty. You're not going to get a trial. You're not going to get to cross-examine witnesses. And so all of these things go away at trial. You don't get a trial. You don't get a lawyer at trial. You don't get any of these things, whether it's retained counsel or appointed counsel, at trial. And then after that, when there's a discussion regarding sentencing, the Court makes it very clear to the defendant that he is entitled to counsel at sentencing. I did have counsel, so I think it becomes irrelevant. But I don't think this was a textbook perfect colloquy. What I'm concerned about is, is this really an aggravated felony? The government can certainly prove that it is an aggravated felony. Well, tell me how. In Huerta Guevara, this Court reviewed specifically Arizona Revised Statute 13-1802 and said that on a strict approach, facially, it's not an aggravated felony because it includes effective services. No, it does not, because the Court went on to say, that doesn't mean it's not capable of being an aggravated felony under the modified categorical approach. And specifically, the Court found that under paragraphs 1 and 5 of 1802, if the offense was, in fact, 1801. Well, 5 only says control. It doesn't say permanently deprived. A person could control it without having any intention of personally depriving. Isn't that what's required for aggravated felony? Well, controlling another's property, knowing the property was stolen. And I would submit that that is, that that would qualify. Well, I suppose that someone found out that the property he had was stolen, and he's controlling it. Well, that certainly doesn't necessarily mean that he intended to deprive the owner of that for indefinitely or forever. Well, even if you assume that, would you say 1 and 5? Yes. A 1 and 5, you know, could qualify, then the Court has to make some kind of inquiry under the modified approach, right? Exactly. And I would submit to the Court that the District Court did not have that opportunity yet, because as this Court is aware, the government attempted to supplement the record, and the Court denied that with the discovery material that would have established under which. What do you mean by that? Well, what do you mean by the District Court didn't have the opportunity? You mean it refused to take the time to do it? I would submit that it's more that there was no contest or there was no dispute at sentencing that the offense qualified as a theft offense and was an aggravated felony. Therefore, there was no evidence introduced into the record to establish that. Was that the government's burden? Yes, absolutely. It was the government's burden. Well, do you want another chance? And I believe that Pimentel-Flores, which the government provided as a supplemental authority, says that we get that chance, that any failure that we had, the case should be remanded on an open record. Well, you're saying we're here, and the reason for that is because we're here under plain error, right? In other words, it was not raised below? Correct. And you're sort of saying, well, if it were raised below, we might have been able to deduce proof that disqualifies. Certainly, and at least this Court would have had then the benefit of the District Court's analysis as to whether or not a violation of 1802 subsection 5 qualifies as an aggravated felony as opposed to determining in the first instance whether it does or not, because in this case the information was in discovery. Well, are you conceding there's plain error here on that point? Well, this Court has said in Pimentel-Flores that it is plain error not to include the information in the pre-sentence report regarding the statute of conviction. However, the Court has also said in Barrios-Gutierrez that the burden is on the defendant to show substantial harm from the fact that it wasn't included. Well, there's harm if it's not a qualifying conviction, right? If it's not, then yes, there would be. Well, what are you doing there? Are you standing there and telling us we should affirm or that it's okay to remand for this? I'm telling the Court that I believe on this particular case it should be remanded because the record before the Court is not clear enough to determine the particulars of the statute of conviction, because we know it's a theft, but the government did not put in the appropriate records to establish them. Whether or not this is a theft under the Taylor definition? Correct. I believe that. We can't tell, can we? No. I don't think you can on this record. Well, it seems to me that the statute itself is non-qualifying. Well, I believe that under Huerta-Guevara, the Court appears to say that if it falls within subsections 1 or 5, it is. It does qualify as an aggravated felony. So I believe that that would be, if this Court were to find that it didn't, that that would be. Some way I had the idea that the government was pointing only to 5. Where do we say 1 and 5? With regard to Huerta-Guevara or with regard to the government's case? Government's case. The government had filed a motion to expand the record, which included particular documents. This Court denied that request. Therefore, the records are not before this Court. So I would have to go outside the record to tell you where the documents come from. Well, that's because that material was not before the district court, right? Correct. Other than the fact that in the defendant's sentencing memorandum, which he filed obviously prior to sentencing, he conceded in that document that he had been convicted of theft in 1993 under Arizona statutes in Maricopa County and that he had received a sentence of 5 years. So to that extent, it was in the record, but not the statute of conviction. All that, I guess, shows the wisdom of developing the record in the district court, right? Absolutely. All right. If the Court has no other questions, we'll submit on our brief. Well, you know what you could do, though? Maybe you could clarify. Now, you're saying you're going today under both subdivisions, 1 and 5, right? Correct. Now, you're saying that the record doesn't show that, but, I mean, that's consistently been the government's position, at least since the problem arose? I'll put it that way. Since the problem arose, it could fall under 1 or 5, correct, that either of those would qualify. And that's the government's position today? Yes. At least you want to crack at establishing that, you know, that this conviction qualifies under one of those two? Correct. All right. I just want to know what your position is. Thank you. Mr. Brackett, for Bob, right? Yes. Your Honor, regarding the scope of the remand, our point is that the initial change of plea was faulty. He was never advised of the nature of this aggravating factor, and, therefore, the scope of the remand should not just be for resentencing and to give the government a second bite at the apple. Well, we understand your position. I mean, you want the plea vacated. I want the plea vacated. That's what I'm here for, yes. Yes, sir. And also, my third argument, I question whether the magistrates have the authority under the Magistrates Act, Section 663, to even consider the question of an aggravated felony. That's far outside the other proceedings, and it certainly doesn't match up to anything else. What do you mean by consider? All he did is say that, well, it looks to me like the government's going to, you know, charge an aggravated felony in terms of sentencing, but I can't tell you too much more about it because, you know, we don't have a record. Well, he went into the question of the aggravated felony. He asked the government, what are you going to produce? He said you're charged with an aggravated felony. How do you plead guilty to the aggravated felony? I thought you were saying he wasn't specific enough, and now you're saying he should mention it again. Well, Your Honor, my question is whether the magistrates have the authority to even consider what's an aggravated felony. It's a very complicated area of the law, extremely. They have the authority to take a plea. To take a plea to the guilt of basic guilt or innocence, yes. Yes. And in doing that, they're supposed to tell the defendant what he's going to be facing. And you say he doesn't have the authority to go any further than that. He should tell him you're facing 20 years should this be an aggravated felony. But this magistrate judge went beyond that. He led the defendant to believe that he had already pled guilty to the aggravated felony and admitted the sentence should be 20 years. And that wasn't true. He nowhere alerted the defendant that it could be just an ordinary felony. That's only 10 years. Possibly it could not even be a felony. That would only be two years or anything about the nature of it. That's our complaint. Okay. Let me ask one more question. You gave us the supplemental citation. What point does that go to? There the defendant had admitted the fact of the quantity of the drugs, but the change of plea judge did not admit or did not explain who had the burden of proof and that the government would have to prove that beyond a reasonable doubt. That's a change of plea case, adequacy of the colloquy case, which raised the maximum. Thank you. Okay. We thank both counsel. This case is submitted for a decision. Next case on the argument calendar is United States versus Hernandez Valdivinos. Police court. Chris Kilburn on behalf of excuse me, Mr. Hernandez Valdivinos, the appellant in this matter. I'd like to reserve.
judges: Hug, B Fletcher, Tashima